## MATTER OF TUITASI *

### In Deportation Proceedings

### A–20053062

*Decided by Board September 26, 1974*

One born in Western Samoa in 1952 who was adopted in American Samoa in 1971 by two
nationals of the United States does not acquire United States nationality under section
308 of the Immigration and Nationality Act. One does not acquire United States
nationality merely by asserting an allegiance to the Unites States.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained
longer.

ON BEHALF OF RESPONDENT: Byron B. Park, Esquire
681 Market Street
San Francisco, California 94105

In a decision dated March 15, 1974, an immigration judge found the
respondent deportable, but granted her the privilege of voluntary de-
parture. The respondent, who contests the finding of deportability, has
appealed from that decision. The appeal will be dismissed.

The respondent, whose natural parents were natives of Western
Samoa, was born in that country in 1952. When she was approximately
one year old, the respondent was taken to American Samoa by a person
she describes as her aunt. She was raised in American Samoa and
formally adopted in 1971 by two nationals of the United States. The
respondent has never returned to Western Samoa, and the record does
not disclose the fate of her natural parents.

The respondent testified that in 1969 she submitted a written request
to Western Samoan authorities for the issuance of a passport. This
request evidently was denied, and respondent thereafter obtained a
document entitled "Certificate of Identity" from the Office of the Attor-
ney General in American Samoa. This document describes her birth,
residence and adoption. It also contains the statement that "[s]he is not
entitled to either a Western Samoan Passport or a United States Na-
tional Certificate of Identity."

The respondent entered the United States in August of 1972 as a

102

visitor. She received a change of nonimmigrant status conditioned upon the posting of a maintenance of status bond. She failed to post the bond and overstayed her visit. The immigration judge found her deportable as a nonimmigrant who has remained beyond the authorized length of her stay. The only issue in the case is whether she is a noncitizen national of the United States, and thus not deportable.

The respondent bases her claim to United States nationality upon section 101(a)(22) of the Immigration and Nationality Act. Section 101 (a)(22) provides:

> The term "national of the United States" means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

The respondent maintains that she owes permanent allegiance to the United States, and therefore qualifies as a national. The *acquisition* of nationality for a noncitizen national, however, is not governed by section 101(a)(22); it is governed instead by section 308.[1] Section 308 of the Act provides:

> Unless otherwise provided in section 301 of this title, the following shall be nationals, but not citizens of the United States at birth:
>
> (1) A person born in an outlying possession of the United States on or after the date of formal acquisition of such possession;
>
> (2) A person born outside the United States and its outlying possessions of parents both of whom are nationals, but not citizens, of the United States, and have had a residence in the United States, or one of its outlying possessions prior to the birth of such person; and
>
> (3) A person of unknown parentage found in an outlying possession of the United States while under the age of five years, until shown, prior to his attaining the age of twenty-one years, not to have been born in such outlying possession.

American Samoa is an outlying possession of the United States. Section 101(a)(29), Immigration and Nationality Act. The respondent, however, was not born in American Samoa, nor were her natural parents nationals of the United States. Accordingly, she did not acquire United States nationality at birth under the terms of section 308. Except for the acquisition of nationality in conjunction with the acquisition of citizenship, the Act provides no other means by which the respondent could have acquired United States nationality.

Congress has established rigorous procedures which govern the acquisition of both lawful permanent resident status and United States citizenship for aliens. Nationality has attributes akin to each of these. See e.g. *Matter of B—*, 6 I. & N. Dec. 555 (BIA 1955). We cannot accept

---

[1] We are not concerned in this case with special legislative enactments or with any acquisition of nationality which may occur upon the transfer of territory between nations. See *Matter of B—*, 3 I. & N. Dec. 729 (BIA 1949); 8 M. Whiteman, Digest of International Law 104-113 (1967).

the respondent's unstated, but underlying, assumption that Congress would permit an alien to acquire United States nationality merely by asserting an allegiance to the United States.

The respondent is an alien; her deportability has been established by evidence that is clear, convincing, and unequivocal. The question of whether the respondent has a status in American Samoa which will permit her to reside there is not before us.

**ORDER:** The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 31 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.